**IN THE UNITED STATES
BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| METROPOLITAN DIAGNOSTIC | ) | |
| IMAGING, INC. | ) | Case No. 17 B 35285 |
| d/b/a Advanced Medical Imaging Center, | ) | |
| | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | |

**RESPONSE TO MOTION TO MODIFY THE
AUTOMATIC STAY TO AUTHORIZE PAYMENT
TO SECURED CREDITOR**

Hatti Group RE Chicago LLC, an Illinois limited liability company and a creditor herein ("RE Chicago"), and Harsha Hatti, an individual and a creditor herein ("Harsha"), (collectively "Landlord") in response the Bancorp Bank's Motion to modify the automatic stay to authorize and direct Metropolitan Diagnostic Imaging, Inc., d/b/a Advanced Medical Imaging Center, the Debtor herein ("MDI" or "Debtor"), to pay to the Bancorp Bank ("Bancorp") a portion of the rental payment due the Landlord, respectfully state as follows:

**BACKGROUND**

1.  On November 28, 2017, MDI filed its voluntary petition under Chapter 11 of the Bankruptcy Code. No Trustee has been appointed and MDI continues to act as debtor in possession.

2.  On February 6, 2017 Bancorp entered into a Note, Loan Agreement and Security Agreement with MDI.

3.  MDI's business operates from a rented facility located at 111 N. Wabash, Suite 620, Chicago, pursuant to a lease dated August 29, 2017 by and between MDI as Tenant and

RE Chicago (the "Lease").

4.      Pursuant to the Lease, MDI is required to pay to RE Chicago Minimum Rent in the amount of $14,350.00 per month.

5.      Prior to the commencement of MDI's bankruptcy case, on April 15, 2017 pursuant to a Stock Purchase Agreement (the "Agreement") United Diagnostic Providers, LLC, d/b/a MS Ventures ("UDP") purchased all of the common stock of MDI from Harsha.

6.      UDP entered into the purchase transaction based upon certain financial representations made by Harsha regarding the debts of MDI to, *inter alia*, Bancorp, some of which proved to be inaccurate.

7.      As a result of these inaccuracies, UDP and Harsha modified the Stock Purchase Agreement through an addendum dated August 21, 2017 (the "Addendum").

## **ARGUMENT**

8.      Bancorp quotes, and relies upon, three sentences in the Addendum in support of its argument that a portion of the rent, $5,376.35, which MDI pays to RE Chicago should be directed to Bancorp in the event that Harsha does not pay such amount to Bancorp.  However, the preceding four sentences of Paragraph 2(c) of the Addendum and the whole of Paragraph 2(b), both of which Bancorp omits, establish that the sentences quoted by Bancorp are contingent upon MDI making *all* bank loan payments to RE Chicago or Harsha in the amount of $15,000.00 each month; because MDI has not paid any of the bank loans to RE Chicago or Harsha since the commencement of this bankruptcy case, MDI is not entitled to reduce the rent payment to RE Chicago and pay the amount of such reduction to Bancorp.  Paragraph 2(b), the preceding four sentences of Paragraph 2(c) of the Addendum, and the three quoted

sentences provide as follows:

> (b)  MDI shall be obligated to pay the total amount of $15,000.00 per month on these bank loans as follows:
>
> | | |
> |---|---|
> | [i] First Home Bank Loan No. 7977445000 | $3,967.00 |
> | [ii] Bancorp Loan No. _____ | $6,974.46 |
> | [Ill] Bancorp Loan No. _____ | $ 4,058.54 |
> | TOTAL | $15,000.00/month |

(c)  There are 3 existing loans for MDI, namely Bancorp 1, Bancorp 2 and First Home Bank with monthly payments totaling $20,376.35. Harsha Hatti or Hatti Group RE Chicago LLC will supplement MDI's payments to Hatti Group RE Chicago LLC of $15,000 with an additional $5,376.35 monthly and pay that towards the total monthly loan payments of $20,376.35 to the Banks as shown in item 2 (a) i, ii, iii of this addendum. MDI will pay its bank loan portion of the payment to Harsha Hatti irrespective of whether bank loan is paid off by Hatti until the principal amount minus the $5,376.35 per month is paid off. Hatti will continue paying the $5,376.35 until the principal amount is paid off. The deficiency of $5,376 .35 in the monthly bank loan payment to Bancorp on Loan No._ _ _ _ _ _ _ shall be paid by Harsha Hatti to Bancorp on the first day of each month. If during any month Harsha Hatti fails to pay the amount of $5,376.35 to the banks, MDI may deduct this amount from any rent payment then or thereafter due plus any payments not made prior and owing by MDI to Hatti Group RE Chicago LLC a limited liability company owned and controlled by Hatti, which is the Landlord for the premises at 111 N. Wabash, Suite 620, Chicago. This deducted amount shall then be paid by MDI to Bancorp. The deduction of this amount shall not constitute a violation of the lease for the aforesaid premises.

9. All of the provisions of Paragraphs 2(b) and 2(c) of the Addendum when taken together establish that any right of MDI to deduct payments from rent is contingent upon MDI paying *all* bank loan payments *to RE Chicago or Harsha* in the amount of $15,000.00 each month (emphasis added). Specifically, Paragraph 2(c) provides that "Harsha Hatti or Hatti Group RE Chicago LLC will ***supplement MDI's payments to Hatti Group RE Chicago LLC of $15,000*** with an additional $5,376.35 monthly and pay that towards the total monthly loan payments of $20,376.35 to the Banks. . ." (emphasis added). If MDI does

not make payments to Hatti Group RE Chicago LLC in the amount of $15,000 each month (as it has not done since the filing of the Petition in this case), there exists no payments which Harsha or RE Chicago are required to supplement and pay towards the monthly loan payments to the Banks.   Thus, in such a situation Harsha and/or RE Chicago cannot "fail" to pay the $5,376.35 to the Banks as they are not required to do so, and accordingly MDI cannot deduct such amount from any rent it might pay to Landlord.

10. Likewise, because the Addendum provides that "[t]he ***deficiency of $5,376.35*** in the monthly bank loan payment to Bancorp on Loan No._ _ _ _ _ _ _ shall be paid by Harsha Hatti to Bancorp on the first day of each month" (emphasis added), there can be no deficiency for Harsha to pay on the monthly payment to Bancorp for this loan if MDI does not first pay $6,974.46 to Harsha or RE Chicago to bring the total monthly payment for the loan to the regular monthly payment of $12,350.81. (**See** Paragraph 2(a)(ii) of the Addendum attached to Bancorp's Motion as Exhibit 4).

11. At first glance it may seem counterintuitive or quite unusual for the Addendum to provide and be interpreted so that if MDI fails to pay Harsha or RE Chicago on the bank loans, then Harsha or RE Chicago would not be required to make any payment towards the bank loans either (and conversely, if MDI paid Harsha or RE Chicago on the bank loans, then Harsha or RE Chicago would also be required to make payment towards the bank loans.)  But the intent of the parties and the context in which the Addendum was entered into (as an Amendment to a Stock Purchase Agreement) make clear why the Addendum was drafted as it was by the parties (apparently without the aid of legal counsel):  The purpose of the Addendum was to protect and benefit the parties thereto as well as entities controlled by, or related to, them, and ***not***  to protect or benefit

any of the banks mentioned therein.

12. Specifically, the Addendum protected Harsha, RE Chicago and entities related to Harsha by providing a mechanism for them to ensure that, after the sale of MDI's stock by Harsha, MDI continued to make payments on loans under which Harsha, RE Chicago and/or entities related to Harsha still may have had contingent liability under unsecured guarantees. If MDI made payments of $15,000 on the loans each month, Harsha was willing to pay the $5,376.35 to keep the loans current. If, on the other hand MDI, did not make those payments (for which it is/was the primary obligor), Harsha and RE Chicago knew that they would clearly be unable to make the total payments of over $20,000.00 each month and did not want to be obligated under the Addendum to make any payments.

13. Likewise, MDI was protected to the extent that if it paid $15,000.00 each month to Harsha or RE Chicago to be allocated towards the bank loans, then Harsha would be required to supplement MDI's payment by paying the difference - or deficiency - between the total monthly amount due of $20,376.35 and the $15,000.00 paid by MDI. From Harsha's perspective, if MDI was willing to "step up to the plate" and pay $15,000.00 each month, then he was willing to "provide protection behind MDI in the batting order" by paying $5,376.35 each month towards the bank loans. Of course, (unlike in baseball) in the event that Harsha could not come through with the payment of $5,376.35, MDI was further protected by the provision that it could deduct that amount from the rent owed to RE Chicago, ***but only if*** MDI had first made the payment of $15,000.00.

14. That the intent of the Addendum is to benefit the parties thereto and not any

bank mentioned in it is further demonstrated by the provision of Paragraph 2(c) which states that: "MDI will pay its bank loan portion of the payment to Harsha Hatti irrespective of whether bank loan is paid off by Hatti until the principal amount minus the $5,376.35 per month is paid off." The fact that MDI remains obligated to pay $15,000.00 each month to Harsha or RE Chicago even if one of the three bank loans is paid off by Harsha demonstrates that the intent of the Addendum is for all "loan payments" from MDI to be made to, or flow through, Harsha and/or RE Chicago, and for them to decide the manner in which to allocate those payments, and not for the Addendum to create a basis to entitle any bank to payment in addition to whatever loan documents might provide (emphasis added).

15. Based on the foregoing, when all the relevant provisions of the Addendum are read together and taken as a whole and the intent of the parties is gleaned therefrom, it is clear that Bancorp is not entitled to have any portion of any rent payment made by MDI to Landlord paid to it.

**WHEREFORE,** Hatti Group RE Chicago LLC and Harsha Hatti respectfully request that this Honorable Court:

A. Deny the Bancorp Bank the relief requested in its Motion to Modify the Automatic Stay; and

B. Grant them such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By: /s/ *James W. Corbett*

                James W. Corbett, Attorney
                for Hatti Group RE Chicago LLC
                and Harsha Hatti

James W. Corbett
Attorney
ARDC No.
6193936
1645 W. School St., Suite 314
Chicago, Illinois 60657
(312) 919-1965
jcorbettlaw@aol.com